IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ] | |
| ] | |
| HUNJAN MOULDED ] | |
| PRODUCTS (ALABAMA) LTD., ] | Chapter 11 |
| INC., ] | Case No.:  05-04637-TBB-11 |
| ] | |
| Debtor. ] | |
| | |
| EN-PLAS, INC. ] | |
| ] | |
| Appellant, ] | |
| ] | |
| v. ] | CASE NO.: |
| REGIONS BANK, as successor ] | 2:07-CV-00399-VEH |
| by merger to the interests of ] | |
| AmSouth Bank; and HUNJAN ] | |
| MOULDED PRODUCTS ] | |
| (ALABAMA) LTD, INC., ] | |
| ] | |
| Appellees. ] | |

## MEMORANDUM OPINION

**I.    INTRODUCTION**

This bankruptcy appeal challenges Bankruptcy Judge Thomas B. Bennett's ruling entered on December 21, 2006, in favor of Appellees Regions Bank, successor by merger to the interests of AmSouth Bank ("AmSouth"), and Hunjan Moulded Products (Alabama) Ltd., Inc. ("Hunjan") applying the precepts of the parol evidence

rule, as formulated in either the Uniform Commercial Code ("UCC") or Alabama's common law of contracts, to enforce the terms of a written sales agreement. Appellant En-Plas, Inc. ("En-Plas") filed its Notice of Appeal (Doc. #1) on March 3, 2007, and its opening brief (Doc. #7) on March 29, 2007. Appellees AmSouth and Hunjan filed their opposing briefs on April 23, 2007. (Docs. #8, #9). On May 8, 2007, En-Plas filed its reply briefs. (Docs. #13, #14).

Also pending before the court are AmSouth's Motion to Strike Or, in the Alternative, to Clarify Factual Statements in Brief of Appellant En-Plas, Inc. (Doc. #10) ("Motion to Strike") filed on May 24, 2007, and En-Plas's Motion to Request Oral Argument (Doc. #16) ("Motion for Oral Argument") filed on May 21, 2007. En-Plas filed its response (Doc. #11) to AmSouth's Motion to Strike on May 3, 2007. AmSouth filed its opposition to En-Plas's Motion for Oral Argument (Doc. #17) on May 21, 2007.

## II. STANDARD OF REVIEW

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions *de novo*. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996). "Neither the

district court nor the [Court of Appeals] is authorized to make independent factual findings; that is the function of the bankruptcy court." *In re Sublett*, 895 F.2d 1381, 1384 (11th Cir. 1990).

"The bankruptcy court's findings of fact are not clearly erroneous unless, in light of all the evidence, [the district court] is left with a definite and firm conviction that a mistake has been made." *In re Int'l Pharmacy & Discount II, Inc.*, 443 F.3d 767, 770 (11th Cir. 2005); *see also United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) ("A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.").

**III.    BRIEF STATEMENT OF FACTS AND PROCEDURAL HISTORY**

This adversary proceeding is on appeal from bankruptcy court. En-Plas and AmSouth each claim entitlement to the proceeds of certain plastic-injection molding machines and attendant parts, which were sold in July 2005 pursuant to a court-authorized sale under Chapter 11 of the Bankruptcy Code. More specifically, the dispute is over whether the En-Plas and the debtor, Hunjan, entered into a bailment or a sale/purchase agreement relating to these machines that were provided by En-Plas to Hunjan.

En-Plas concedes that if its agreement with Hunjan constitutes a sales

transaction, then AmSouth has superior rights to the machine proceeds and should therefore prevail. The bankruptcy court concluded that En-Plas and Hunjan agreed to a sales transaction, despite En-Plas's contrary position that instead a bailment relating to machines existed between it and Hunjan, such that it (*i.e.*, En-Plas) retained ownership of the assets, even though Hunjan retained possession of them.

## IV.   DETERMINATION ON APPEAL

Upon consideration of the record on appeal, including the briefs, appendices, and other papers filed by the parties, this court is of the opinion that the bankruptcy court's holding in favor of AmSouth and Hunjan and against En-Plas is correct, and that the decision is due to be **AFFIRMED**.  More specifically, no clearly erroneous factual findings exist in the record, especially in light of the bankruptcy court's express credibility assessments against witnesses relied upon by En Plas to prove facts in support of the existence of a bailment between it and Hunjan.  Furthermore, the bankruptcy court committed no legal error on a *de novo* basis in reaching its determination that a sales agreement between En Plas and Hunjan existed as opposed to a bailment.

## V.   CONCLUSION

As stated above, the bankruptcy court's decision is due to be **AFFIRMED**. Further, AmSouth's Motion to Strike, given the court's ruling in its favor, is due to

be **DENIED** as **MOOT**.  Finally, En Plas's opposed Motion for Oral Argument is

**DENIED**.  The court will enter an order consistent with this memorandum opinion.

**DONE** and **ORDERED** this the 20th day of December, 2007.

 

/s/ VEHopkins
_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge